IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


WADE ROSCO WHITEHEAD,

      Plaintiff,

  vs.                                NO. CIV  10-218 JH/LFG

INTERNAL REVENUE SERVICE,
TIMOTHY GEITHNER, Secretary
of the Treasury, and SUSAN
MEREDITH, ACS Operation Manager
ID# 14-00DALL,

      Defendants.


## REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court pursuant to an Order of Reference [Doc. 4].  The trial

judge referred the Plaintiff's Motion to Proceed In Forma Pauperis [Doc. 2], together with his Civil

Rights Complaint [Doc. 1], to the undersigned Magistrate Judge for a report and recommendation.

Plaintiff Wade Rosco Whitehead ("Whitehead") seeks the Court's order authorizing him to

proceed with this litigation without the payment of costs or fees.  The *in forma pauperis* statute, 28

U.S.C. § 1915, authorizes a court to waive filing fees and various court costs.  The intent of the *in*

*forma pauperis* statute is to facilitate access to the courts and to guarantee that "no citizen shall be

denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court

---

[1]Within fourteen (14) days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such report and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the report and recommendation.  If no objections are filed by April 5, 2010, no appellate review will be allowed.

of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948).

## In Forma Pauperis Application

Whitehead's Motion to Proceed In Forma Pauperis contains conflicts and inconsistencies. He contends, for example, that he is employed as a supervisor for Southwestern Public Service Company. Yet, he represents that his entire monthly income amounts to $38.58. It defies belief that a utility firm's supervisor, who is making monthly payments of $4,264.02, only takes home $38.58 per month. It is more likely that the $38.58 per month represents his excess cash flow after payment of monthly expenses.

Whitehead owns a limited number of stocks, and also has a 401K retirement plan to which he contributes $320.30 each month. He represents that the value of his retirement account is only $3,755.76. That representation, however, is belied by a monthly loan payment of $2,062.74. As loans from a retirement account are fully secured by the account itself, it is not likely that his loan payment is $2,062.74, while the value of his account is only $3,775.76. It appears that Whitehead is less than candid in discussing his assets and liabilities.

As a result, the Court has the option of halting the proceedings while Whitehead submits supplementary affidavits and disclosures explaining the inconsistencies. That procedure, however, would only serve to delay a recommendation that the case be dismissed since a *sua sponte* evaluation of Whitehead's Complaint, as authorized under 28 U.S.C. § 1915, would compel the Court to dismiss the Complaint for failure to state a cause of action. Thus, requiring additional supporting information for the Motion to Proceed In Forma Pauperis is not a productive use of Court time.

Accordingly, the undersigned Magistrate Judge recommends that the Court exercise its broad discretion and grant the *in forma pauperis* request.  28 U.S.C. § 1915(a)(1) (stating that a court "may authorize" the commencement of a lawsuit without prepayment of fees if certain requirements are met).  *See also* Denton v. Hernandez, 504 U.S. 25, 33 (1992) (frivolousness determination is a discretionary one); Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. Feb. 4, 2008) (unpublished decision) ("district court has broad discretion in determining whether to grant or deny an application to proceed in forma pauperis").

## Plaintiff's Complaint

Whitehead's Complaint names as Defendants the Internal Revenue Service ("IRS"), Timothy F. Geithner, Secretary of the Treasury, and Susan Meredith, apparently, a Department of Treasury employee.  He brings his Complaint "[p]ursuant to 42 U.S.C. § 1983" [Doc. 1, Complaint, p. 1], and invokes this Court's jurisdiction "pursuant to 28 U.S.C. § 1343(3) [and] 42 U.S.C. § 1983." [Doc. 1, p. 2, ¶ A.4].

Whitehead complains that he is a victim of "involuntary servitude."  He alleges, in part, that the IRS engaged in "malicious acts and threats, duress, coercion [and] fraud . . . ." [Doc. 1, p. 2, ¶ B.1]; that the IRS filed "maritime" notices, including tax liens [Id.]; that IRS employees lacked "proper pocket commission of enforcement or oath of solemn affirmation" [Id.]; that the IRS's acts violated "the laws of the United States of America, the state of New Mexico and the Law of Nations . . . ." [Id.]; that liens were filed in violation fo the Uniform Commercial Code [Doc. 1, p. 3, ¶ C.1(B)(1)]; that the IRS filed the lien without a "financing statement/security agreement . . . . [Doc. 1, p. 3, ¶ C.1(B)(2)(B)]; and, that the IRS only has the power to act as a collecting agent for the Alcohol, Tobacco and Firearms (ATF) . . . .  [Doc. 1, p. 4, ¶ (C)(2)].

**Analysis**

"In order to state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (*quoting* West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988)). *See also* Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Whitehead asserts that his various constitutional rights were violated [Doc. 1, p. 2, ¶ B.1], but he does not allege that any deprivation occurred "under color of sate law." *See* West, 487 U.S. at 48 (section 1983authorizes relief when a party's federally protected rights have been violated by a state or local official or by another person acting under color of state law). Here, it is clear that the IRS and its employees acted under federal law, not state law. Thus, a key element of his 42 U.S.C. § 1983 claim is missing, and this defect cannot be cured by simply redrafting the Complaint.

Moreover, this is not a complaint that the Court can construe as a Bivens action. *See* Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971). *See also* Abell v. Sothen, 214 F. App'x 743, *7 (10th Cir. Jan. 24, 2007) (unpublished decision) (Bivens claims not available in tax-related dispute). Nor does Whitehead's complaint raise cognizable claims under the Federal Tort Claims Act.

In addition, Whitehead's Complaint does not withstand Fed. R. Civ. P. 12(b)(6) scrutiny under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), or the United States Supreme Court's more recent decision in Ashcroft v. Iqbal,129 S. Ct. 1937 (2009). In Twombly, the Court noted that the plaintiff's "obligation to provide the "grounds" of his "entitle[ment] to relief" require[d] more than labels and conclusions. . . . [A] formulaic recitation of the elements of a cause

of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the

speculative level."  Twombly, 550 U.S. at 555 (internal citations omitted).  While Rule 8 does not

require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlaw-

fully-harmed-me accusation."  Iqbal, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 555).

In Iqbal, the Supreme Court further explained:

> A complaint must contain sufficient factual matter, accepted as true,
> to "state a claim to relief that is plausible on its face."  A claim has
> facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged.  The plausibility standard is not akin to
> a "probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Where a complaint
> pleads facts that are "merely consistent with" a defendant's liability,
> it "stops short of the line between possibility and plausibility of
> 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

Whitehead's complaint is replete with the tiresome tax protestor refrains that this country's

tax laws are unconstitutional or otherwise unenforceable for a variety of reasons.  Whitehead's

arguments have been dismissed by sister courts as "unworthy of further discussion."  *See* Dibble v.

United States, No. 1:05-CV-201, 2006 WL 958599, at *1 (W.D. Mich. Apr. 10, 2006) (finding

similar stock tax protestor arguments unsupported, "and charitably speaking, . . . frivolous").

In Lonsdale v. United States, 919 F.2d 1440, 1448 (1990) (imposing sanctions on plaintiff

for raising unsupported and frivolous tax protestor arguments) our own circuit rejected arguments

on the invalidity of the IRS Code, and courts routinely have deemed Whitehead's other tax protestor

claims as "frivolous," "specious," and "preposterous."  *See* United States v. Maczka, 957 F. Supp.

988, 991 (W.D. Mich. 1996) (collecting cases).

5

The Court concludes that Whitehead did not "'nudge[] [his] claims across the line from conceivable to plausible.'" Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting* Twombly, 550 U.S. at 570).

## **Recommendation**

The undersigned magistrate judge recommends:

(1)  that Whitehead's Motion to Proceed In Forma Pauperis [2] be GRANTED; and

(2) that his Complaint be DISMISSED, with prejudice, for failure to state a claim.

_____
        Lorenzo F. Garcia
        United States Magistrate Judge