IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WADE ROSCO WHITEHEAD,

        Plaintiff,

vs.                                          CIVIL NO.  10-218 JH/LFG

INTERNAL REVENUE SERVICE,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING ACTION WITH PREJUDICE

On March 17, 2010, pursuant to an Order of Reference [Doc. 4], the referral Magistrate Judge filed a Report and Recommendation [Doc. 5]. He proposed to dismiss Plaintiff Wade Rosco Whitehead's ("Whitehead") Civil Rights Complaint with prejudice. The Report and Recommendation provided, pursuant to 28 U.S.C. § 636(b)(1), that Whitehead was entitled to file written objections within fourteen days. Indeed, the Report provided, "A party must file any objections within the fourteen-day period allowed if the party wants to have appellate review of the report and recommendation." [Doc. 5, p. 1, n. 1].

Whitehead neither filed any objections nor sought an extension of time within which to object. Rather, he filed an amended Complaint on April 5, 2010 [Doc. 6]. A comparison between his original Complaint and his amended Complaint shows few differences. In the amended Complaint, he no longer pursues claims against Secretary of the Treasury, Timothy F. Geithner, and Susan Meredith, ACS operation manager. The gravamen of his amended Complaint, however, remains the same as in his original Complaint. That is, he contends the Internal Revenue Service filed liens without the benefit of a court order or formal assessment. He further alleges that the liens

violate § 9 of the Uniform Commercial Code. In addition, he raises contentions that the tax code is applicable only in the federal District of Columbia; that it applies only to the manufacture of weapons pursuant to the Alcohol, Firearm and Tobacco Act; that it applies only to government employees; or that it applies only to those who have a contract with the United States.

## Analysis

The Court grants liberal construction to a *pro se* litigant's pleadings. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003) (*citing* Haines v. Kerner, 404 U.S. 519, 520-21, (1972)). However, even a liberal construction makes it difficult to construe the amended Complaint as objections to the Magistrate Judge's Report and Recommendation.

For example, nowhere in his amended Complaint does Whitehead respond to the Magistrate Judge's assessment that the Complaint improperly attempts to bring a civil rights action against the United States pursuant to 42 U.S.C. § 1983. In his Report and Recommendation, the Magistrate Judge determined:

> "In order to state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (*quoting* West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988)). *See also* Gomez v. Toledo, 446 U.S. 635, 640 (1980).

[Doc. 5, p. 4]. The Magistrate Judge concluded, "It is clear that IRS and its employees acted under federal law, not state law. Thus, a key element of his 42 U.S.C. § 1983 claim is missing, and this defect cannot be cured by simply redrafting the Complaint." Id. Whitehead's amended Complaint does not address this deficiency.

Further, the Magistrate Judge determined that Whitehead's claim could not be construed as

a Bivens action against a federal agency.[1]  The Magistrate Judge appropriately noted that our Circuit previously concluded that claims of this nature may not be filed as Bivens actions as they relate to tax disputes.  Abell v. Sothen, 214 F. App'x 743, *7 (10th Cir. Jan. 24, 2007) (unpublished decision).  Whitehead's amended Complaint fails to address this deficiency as well.

Secondly, the Magistrate Judge determined that Whitehead's Complaint could not withstand scrutiny under Fed. R. Civ. P. 12(b)(6) and the Supreme Court's recent rulings in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and Ashcroft v. Iqbal,129 S. Ct. 1937 (2009).  In Twombly, the Supreme Court found that a pleader's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' require[d] more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do . . . ."

In this case, Whitehead did not even submit a formulaic recitation of the elements of a cause of action because, as the Magistrate Judge observed, he is asserting a 42 U.S.C. § 1983 claim, but cannot establish the requisite elements.  So, too, in Iqbal, the Supreme Court noted:

> A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

Whitehead's amended Complaint simply echos tax protesters' refrains which have been soundly rejected in this and every district.  *See, e.g.,* Lonsdale v. United States, 919 F.2d 1440, 1448

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971).

(10th Cir. 1990) (imposing significant sanctions on the plaintiff for bringing the same or similar frivolous claims as those raised by Whitehead).  In <u>Lonsdale</u>, the Tenth Circuit Court of Appeals rejected a *pro se* litigant's claims that the Sixteenth Amendment to the Constitution was invalid; that it applied only to corporations; that wages were not income; that income tax was voluntary; that there was no statutory authority for imposing income taxes on individuals; that the term "income" was vague and indefinite; that individuals are not required to file tax returns; and that the Anti-Injunction Act was invalid.

The <u>Lonsdale</u> court also rejected arguments that the Commissioner of the Internal Revenue Service and its employees had no power or authority to administer tax laws.  Moreover, in <u>Lonsdale</u>, the Tenth Circuit rejected the same claims raised by Whitehead in this case, *i.e.,* that the IRS had no power to issue summons, liens, or levies.  <u>Id.</u>  *See also* <u>United States v. Andra</u>, 923 F.Supp. 157, 159 (D. Ida. 1996) (court papers issued in an IRS case are not commercial or negotiable instruments and the use of UCC formulae is inapplicable); <u>United States v. Van Skiver</u>, 1990 WL 251738, at *7 (D. Kan. Dec. 13, 1990) (tax protesters' convoluted, "stream of consciousness" arguments regarding supposed applicability of UCC were "virtually unintelligible, frivolous, misapply the law, or do not address issues relevant to this case"), *aff'd by* <u>U.S. v. Kettler</u>, 934 F.2d 326 (10th Cir. 1991).

The law in this circuit is clear.  Unless a party files objections to a magistrate judge's report and recommendation, further review is not permitted.  *See* <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005) (a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions).

The Court determines that the Magistrate Judge appropriately analyzed Whitehead's Complaint and proposed dismissal with prejudice.  Whitehead failed to object.  Accordingly, the Court now adopts the Magistrate Judge's Report and Recommendation [Doc. 5].  While, the Court

authorizes the initial Complaint to be filed without payment of costs or fees [Doc. 2], the action, in its entirety, including the amended complaint, is DISMISSED, with prejudice.

    IT IS SO ORDERED.

                                                                             _____
                                                                             UNITED STATES DISTRICT COURT JUDGE